**KILGORE et al. v. STEPHENS et al.**

No. 21029. Opinion Filed Sept. 27, 1932.

Blakeney & Ambrister, for plaintiffs in error.

Roger Stephens and Fred L. Hoyt, for defendant in error Godfrey Investment Company.

ANDREWS, J. This is an appeal from a judgment of the district court of Johnston county in favor of the defendant in error Godfrey Investment Company, which here-

inafter will be referred to as the defendant, against the plaintiffs in error. who hereinafter will be referred to as the plaintiffs.

The record shows that on the 27th day of April, 1920, the plaintiffs executed and delivered to the Dickinson-Reed-Randerson Company, a corporation, their certain notes, interest coupons, and mortgages of real estate for a valuable consideration consisting of a loan of money; that on May 4, 1920, the Dickinson-Reed-Randerson Company executed an assignment of the principal note and first mortgage to one Mary Dickinson and forwarded them to its broker, who delivered them to the assignee thereof for a valuable consideration; that that mortgage was filed for record in the county in which the land was located on January 21, 1921; that thereafter the Dickinson-Reed-Randerson Company became insolvent and its assets were taken over by the Fidelity Land Credit Company; that thereafter the plaintiffs entered into an agreement with one V. H. Stephens, an officer and agent of the Dickinson-Reed-Randerson Company and the Fidelity Land Credit Company, whereby he agreed that he would cause the indebtedness aforesaid to be paid in consideration of the plaintiffs' conveying the land to him; that the plaintiffs conveyed the land to him pursuant to that agreement; that the indebtedness was not paid, and that the defendant was the owner of the principal note and the first mortgage. The trial court rendered a judgment against the plaintiffs on that note foreclosing that mortgage. From that judgment, the plaintiffs appealed to this court.

The plaintiffs do not deny receiving the consideration for the notes and mortgages signed by them. Their complaint is based upon their contention that the Dickinson-Reed-Randerson Company received no consideration when it sold the principal note and first mortgage to Mary Dickinson. At that time the plaintiffs were not creditors of the Dickinson-Reed-Randerson Company and they were not defrauded by the transfer of the note and mortgage. So far as they were concerned, the Dickinson-Reed-Randerson Company could have given the note and mortgage to Mary Dickinson. We know of no rule of law authorizing a debtor to defeat his liability on a note because the payee named in the note sees fit to give the note away.

The agreement between the plaintiffs and V. H. Stephens was made long after the transfer of the note and mortgage to Mary Dickinson and long after the assignment of the mortgage had been placed of record. It in nowise affected the rights of Mary Dickinson.

We are not considering a case where the rights of the maker of the note existed at the time of the transfer of the note. The rights of the plaintiffs did not exist at the time the note was transferred to Mary Dickinson. Their rights, if any, were acquired long after that transfer was made and long after they were charged with knowledge thereof.

The plaintiffs contend that the trial court erred in failing to make special findings as requested. Section 374, O. S. 1931 (section 556, C. O. S. 1921), provides:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decisions of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

The record shows that the court made findings of fact and conclusions of law in conformity with the rule stated in Etchen v. Texas Co., 82 Okla. 62, 199 P. 212. The form of the findings was in substantial compliance with the statute.

Finding no reversible error in the judgment of the trial court, the judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) 2 R. C. L. 203, 204; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part. title "Appeal," § 172. (2) 26 R. C. L. 1090 et seq.; R. C. L. Pocket Part, title "Trial," § 99.