**FIERS et al. v. CHALLIS et al.**

No. 22760.   Oct. 16, 1934.

Morris & Wilhite, for plaintiffs in error.
H. W. Morgan, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Caddo county in favor of the defendants in error, Ona Challis and A. S. Challis, against the plaintiffs in error, J. R. Fiers, Dora Fiers, G. M. Fuller, A. S. Morris, Sam Wilhite, and H. C. Wynne. The parties in this opinion will be denominated plaintiffs and defendants, as they appeared in the court below.

This action was brought by the plaintiffs to cancel a certain oil and gas grant bearing date September 24, 1927, on the grounds that such grant was obtained by defendant Fuller by fraud and deceit. On the same date, plaintiff Ona Challis acquired a general warranty deed covering the same property as that covered by the grant, which deed was executed by defendants Fiers. There was no reservation of any oil or gas rights in said deed. Defendants answered by way of general denial, and filed a cross-bill, asking that the Fuller grant be sustained and that the deed referred to be modified so as to show a reservation of oil and gas rights in the grantors.

On the 24th of September, 1927, A. S. Challis and his wife, Ona Challis, purchased the land above referred to, being the southeast quarter (S.E.1/4) of section 13, township 6, range 11, W. I. M., Caddo county, from defendant J. R. Fiers and his wife, Dora Fiers. This was school land. Fiers was delinquent in his payments to the state. The deal with Challis could not be closed unless and until the state had been paid the amount due it. Challis did not have the cash to pay for the land. Defendant Fuller was in the real estate and loan business at Anadarka. Challis went to him to negotiate for the necessary funds with which to pay for the land, and these preliminary negotiations led to the transaction had in Fuller's office in Anadarko on September 24, 1927. On this date, Challis and his wife and Fiers and his wife met in Fuller's office, and were in and out of the office several times that day. The deal was closed to the extent that the necessary instruments were executed, but could not be delivered until the state had issued the patent to this tract of land. On this date a number of instruments were executed,—a general warranty deed from Fiers to Ona Challis, a first mortgage from Ona Challis and her husband to G. M. Fuller, a second mortgage by the same parties to Fuller (this was the commission note and mortgage), a third mortgage executed by Ona Challis and her husband to J. R. Fiers, an application for a loan executed by Alvah

S. Challis, and a purported oil and gas grant covering an undivided one-half interest in said land. This grant appears to have been executed by J. R. Fiers and his wife, Dora Fiers, to G. M. Fuller. These instruments were held either by Fuller or one Dewey Hodges. The patent was received from the state October 24, 1927, and the patent, together with the above enumerated instruments, was recorded November 1, 1927.

Plaintiffs contend that the mineral grant obtained by Fuller was obtained by fraud and deceit, and, therefore, void. The defendants contend that it was understood and agreed by all parties that Fiers was to reserve an undivided one-half interest in the oil, gas, and other minerals, and asked that the mineral grant to Fuller be sustained, and prayed for other relief. After defendant Fuller obtained his mineral grant, he assigned various fractional interests to other persons, among whom were the defendant J. R. Fiers, H. A. Morris, and Sam Wilhite. It seems that other fractional parts of said oil and gas rights were sold by Fuller to other persons, but that it is conceded they are innocent purchasers, and, as the case comes to this court, no relief is sought as against them. After hearing the testimony, the court found in favor of the plaintiffs and ordered the purported mineral grants, so far as Fuller, the Fiers, Morris and Wilhite are concerned, canceled, and quieted title in the plaintiffs.

The sole question presented to this court, so far as the grant to Fuller is concerned, is whether the judgment and decree of the trial court is against the clear weight of the evidence. This being an action in equity, it is the duty of this court to consider the whole record and weigh the evidence.

The judgment of the trial court will not be disturbed unless against the clear weight of the evidence. Kilgore et al. v. Stephens et al., 159 Okla. 119, 14 P. (2d) 690.

The plaintiffs both testified that they knew nothing of the purported grant to Fuller until the latter part of 1929, that it was obtained by Fuller without their knowledge or consent, and the fact that he had such an instrument was not revealed to them by Fiers or Fuller, and that they thought they were buying the land with the full mineral rights. On the other hand, defendants testified that the matter was fully discussed in Fuller's office on Septem-

ber 24, 1927, and that it was understood and agreed by all concerned, including the plaintiffs, that Fiers was to reserve an undivided one-half interest in the oil and gas and other minerals. Their testimony was corroborated by other witnesses. They also testified that, in the presence of the plaintiffs, these various instruments were delivered to one Dewey Hodges, to be held by him until the patent from the state was obtained, and when they were handed to him Fuller explained in what order they should be filed for record, and named, among other papers, the grant to Fuller. This was all denied by the plaintiffs. It would first appear that the weight of the oral testimony was in favor of the defendants, but when that testimony is analyzed, in connection with the physical facts, it is not so impressive.

These instruments prepared in Fuller's office were prepared by Fuller and under his direction. He was experienced in real estate transfers. There is no reservation of any oil, gas, or other mineral rights in the deed from Fiers to Ona Challis. There is no mention of such reservation in either of the three mortgages. The only instruments which refer to the reservation are identified in the records as Exhibits 1 and 2. Exhibit 1 is the application for a loan, executed by Challis. Reference there reads as follows:

"Except a mineral deed to G. M. Fuller dated September 24, 1927, covering one-half of the mineral rights."

This reference, it is conceded, was inserted in the application after the application had been otherwise completed. Exhibit 2 is the purported oil and gas grant. This grant bears the date September 24, 1927. In the early part of the year 1927, Fiers executed a grant to Fuller covering a half-section, the 160 involved in this case, and another tract. This first grant was made so that Fiers could sell the oil and gas rights for Fiers. It seems that this old grant was used on September 24th, instead of making a new one. There are a number of erasures and alterations in this instrument. It appears that they were made by Fuller. It would seem from the record that it would have required a great deal less time and labor to have prepared a new grant than it did to make the erasures and alterations in the old one. It appears further that Fiers himself did not know that Fuller had this new grant until some time in the early part of 1930. It is quite apparent that Fuller used the old grant, which had been signed by Fiers, so that

neither Fiers nor Challis would know that Fuller was getting a new grant on September 24th.

Most of the evidence on behalf of the defendants is an attempt to explain why the reservation of oil and gas rights was not incorporated in the deed from Fiers to Challis, why it was not incorporated in any of the three mortgages, why it was that Fiers insisted on its being in the application for the loan and did not insist on its being in any of the other instruments, why the alterations in the application for the loan, why the erasures and alterations in the grant itself. Suffice it to say that defendants' position is less tenable after these explanations than before, and this court holds that the judgment and decree of the trial court is not against the clear weight of the evidence, and should not be disturbed.

There remains but one other question. If the new oil and gas grant, bearing date of September 24, 1927, and being made to Fuller, is void, are the other defendants or any of them innocent purchasers? As to Fiers, he was one of the original actors, and, in addition thereto, was being represented by his agent Fuller, and could in no sense be said to have acquired his interest without notice. As to H. A. Morris and Sam Wilhite, there is nothing in the record that casts any reflection on their integrity. They did not acquire their interest until May 9, 1930. At that time, they knew that the deed from Fiers to Challis contained no reservation of the oil rights to Fuller or anybody else. They were in possession of sufficient facts to put them on their inquiry. Furthermore, at the time they acquired their interest, the farm in question was occupied by and in possession of the Challises. They took their grant from Fuller, therefore, subject to whatever rights the plaintiffs had in the land.

"One who is in the peaceable possession of real estate has a title good against all the world for every purpose until a superior title is shown; and such open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein." Curtis v. McCasland, 131 Okla. 256, 268 P. 704.

The judgment of the lower court is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. McCollum, Philip Kates, and W. Lee Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and

approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCollum and approved by Mr. Philip Kates and Mr. W. Lee Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.