NU–PRO, INC., an Oklahoma Corporation, B. R. Cornell, H. E. Cornell, Gene Berghaus, Gail Odom, and Myron Stutzman, Plaintiffs-Appellees,

v.

G. L. BARTLETT & COMPANY, INC., an Arizona Corporation, the F & M Bank & Trust Company of Tulsa, an Oklahoma Corporation, the Noble Industrial Development Authority, a Public Trust, the Town of Noble, Oklahoma, a Municipal Corporation, and Gary L. Bartlett, Defendants-Appellees,

and

855 Corporation of Oklahoma, Inc., an Oklahoma Corporation, B. J. Ellis and Theodore F. DuBowik, Defendants-Appellants.

No. 49776.

Supreme Court of Oklahoma.

Nov. 22, 1977.

See also, 575 P.2d 618.

Sam F. Whitlock, Norman, for plaintiffs-appellees.

Terry Shipley, Noble, for The Noble Industrial Development Authority and The Town of Noble, defendants-appellees.

Charles B. Grethen, Purcell, for defendants-appellants.

DAVISON, Justice:

Appellants, 855 Corporation of Oklahoma, Inc., B. J. Ellis and Theodore F. DuBowik, have initiated three separate appeals in this

Court, Case Nos. 49,125, 49,126 and 49,127 which were consolidated by order of this Court for all purposes under Case No. 49,-125. All three appeals arise out of one action brought in the District Court of Cleveland County, to cancel an issue of bond indentures, issued by a municipal trust, and to cancel related instruments including lease agreements and loan guarantee agreements. The bond indentures involved in the suit were issued by a municipal trust created by the City of Noble, at the suggestion of Gary L. Bartlett, who marketed the bonds at a 30% discount to obtain sufficient capital to purchase land and construct thereon an industrial plant to be leased to the plaintiff corporation, Nu-Pro. Shareholders of the plaintiff corporation were each required to personally guarantee and agree to provide the funds for the construction of the plant and for the payments of all rentals by Nu-Pro under the lease sufficient to retire the bonds with interest. Bartlett allegedly represented that if Nu-Pro and its shareholders would agree, a Mr. DuBowik would provide the funds to purchase the bond issue in its entirety. The complicated details of the transactions involved in the litigation are immaterial to the question now before the Court. Cancellation of the bonds, and related guarantor agreements and leases, was sought based on fraud and misrepresentation allegedly made by the bond marketer and purchaser, and alleged irregularities in the financing of the construction of the industrial plant being built with the capital raised by the issuance of the bonds.

The case was *never considered on its merits*, as the trial court, under the provisions of 12 O.S.1971 § 549(c) [1], granted a default judgment to the plaintiff, *because of the defendants' failure to obey orders of the trial court, which required them to provide answers to interrogatories which had been served upon them.*

It is from the granting of the default judgment that the defendants originally appealed. In the preparation of the transcript and record in the appeals, appellants learned that the record of a hearing for temporary injunction and appointment of a receiver held on April 11, 1975, could not be found. Thereafter, appellants joined together and in the trial court filed a Motion for New Trial, alleging as grounds the impossibility of preparing a record for appeal. After a hearing on that motion, the trial court overruled the Motion for New Trial, indicating that the motion should be overruled for three reasons:

1. The movents did not show an inability to make a record by employing other sources.

2. The portion of the record which was missing was not material to the issues raised on appeal.

3. The court had no jurisdiction to enter such a motion since the provisions of 12 O.S.1971 § 655 had not been substantially complied with. [2]

1. 12 O.S.1971 § 549(c) provides:

"If a party or the officer, partner or agent who is served fails to serve answers to interrogatories after proper service of such interrogatories, or fails to fully answer the interrogatories, the court on motion and notice may order the party to answer or to more fully answer within a time stated in the order and, in the alternative, may for good cause shown strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, *or enter a judgment by default against the party*, or impose the cost of proving the facts involved on that party. Moreover, the offending party may be proceeded against for indirect contempt of court." [Emphasis added]

2. 12 O.S.1971 § 655 provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before but are discovered more than ten (10) days after the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of preparing a record for an appeal, without fault of the complaining party, arose more than ten (10) days after the judgment was rendered, the application may be made by petition filed in the original case, as in other cases, within thirty (30) days after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The

Appellants have perfected a separate appeal from the order of the trial court overruling their Motion for New Trial. It is this appeal from the denial of a new trial which is now before us. The only question raised in the appeal is whether the trial court erred in overruling the appellants' Motion for New Trial, which was based on the impossibility of preparing a record for appeal.

■ In considering the correctness of the trial court's order overruling the Motion for New Trial, we first note that such motions are directed to the sound discretion of the trial court, and will not be disturbed on appeal in the absence of an abuse of that discretion.[3]

■ We cannot, as a matter of law, say that the trial court abused its discretion in overruling the Motion for New Trial, as the evidence adduced at the hearing on that motion demonstrated that no alternate means of producing a record of the April 11, 1975 hearing was attempted by the movent.

Rule 1.22 of the Rules of Appellate Procedure in civil cases provides for the preparation of a narrative statement of a trial or of proceedings for use in lieu of a stenographic transcript on appeal. That Rule provides:

"If no stenographic report of the evidence of proceedings at a hearing or trial was made or if a transcript of the reporter's notes cannot be prepared, the party desiring to take the appeal (or any other party) may prepare a statement of the evidence or proceedings in the narrative

from the best available means, including his recollection, for use in lieu of a stenographic transcript. Where no stenographic report was made, this statement shall be filed with the court clerk and submitted to the opposite parties within ten (10) days after the filing of the petition in error; where a transcript of the court reporter's notes cannot be prepared, this statement shall be filed with the court clerk and submitted to the opposite parties within twenty (20) days after the party desiring to appeal discovers that the reporter's notes are unavailable or cannot be transcribed. These time limits may be extended by the trial court for good cause shown. The statement that is filed shall contain a certificate that copies have been submitted to the opposite parties. The opposite parties may object or propose amendments to the statement within ten (10) days after receipt. If there be objections or proposed amendments, the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement, and as settled included by the clerk in the record on appeal. If no objection is filed within the prescribed time, the clerk shall give notice to the parties and to the clerk of this court that the record is complete and ready for transmission."

The record before the trial court indicated that all attorneys who appeared at the April 11 hearing in question were available to testify, if need be—additionally, the trial judge's trial notes and court minutes were available.[4]

---

facts stated in the petition shall be considered as denied without answer, and the case shall be heard and summarily decided after the expiration of twenty (20) days from such service and not more than sixty (60) days after such service, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one (1) year after the final judgment was rendered."

In moving for a new trial, appellants did not file a petition, nor did they issue summons. Both of which are required by the above quoted statute.

3. In *Godfrey v. F. D. Bearley Lumber Co.*, 171 Okl. 425, 43 P.2d 478, 479 (1935), this Court held and stated in its third syllabus:

"A petition for new trial, based upon the ground that it has become impossible for the complaining party to make and serve a case-made, is addressed to the sound discretion of the trial court. The ruling of the court thereon will not be reversed, unless it is made to appear that there was a clear abuse of discretion in denying the motion for new trial."

4. In an affidavit subscribed and sworn to by the trial judge, which was filed with this Court as part of a responsive pleading by appellees, the trial judge attested to the fact that if need be, he could accurately supply from his recollection and assisted by his trial notes and court minutes, a narrative statement of the evidence adduced, proceedings had and orders entered on April 11, 1975, concerning the appointment of a receiver and a temporary injunction.

Based upon these facts, we cannot say that the trial court abused its discretion in holding that the movent had not shown the impossibility of preparing a record. Accordingly, we affirm the order of the trial court overruling appellants' Motion for New Trial.[5]

AFFIRMED.

All the Justices concur.

---

**5.** A consideration of the default judgment on the merits, in Case Nos. 49,125, 49,126 and 49,127 (which were consolidated by order of this Court for all purposes under Case No. 49,125) is contained in *Nu-Pro, Inc. v. G. L. Bartlett & Co., Inc.,* Okl., 575 P.2d 618 (1977).