**CIRCLE F RANCH COMPANY, Appellee,**

v.

**Ted STREHLAU, Appellant.**

**No. 70376.**

Court of Appeals of Oklahoma, Division No. 1.

June 27, 1989.

Bill R. Perceful, Pocola, for appellant.

Rand Phipps, Tulsa, for appellee.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

This is an action by Appellee to set aside Appellant's tax deed to a sixty-acre tract of land in LeFlore County, Oklahoma. The trial court held that Appellant had improperly obtained the certificate tax deed to Appellee's land by failing to exercise the due diligence required by law in attempting to locate and notify the record title owner, Appellee. Accordingly, the trial court set aside Appellant's deed and quieted title to the subject land in Appellee and further awarded Appellee a reasonable attorney's fee.

The tax rolls of LeFlore County, Oklahoma for the taxable year 1983 reflected that a partnership called Young & Cooper was the entity against whom taxes were assessed for the sixty-acre tract of land in question. Ad valorem taxes assessed against the subject property for 1983 went unpaid, and the subject property as a result was offered for sale by the County Treasurer of LeFlore County on October 1, 1984 and acquired by the county on that date. Thereafter in June of 1986, Appellant paid to LeFlore County the delinquent taxes on said property along with interest, penalty and costs accrued thereon, and received from the County Treasurer a County Treasurer Certificate of Tax Sale by Assignment.

Appellant thereafter executed through an agent a notice of application for tax deed showing Young & Cooper as the owner of the subject property. This notice was filed with the LeFlore County Clerk in October of 1986. Appellant attempted personal service of this notice upon Young & Cooper through the LeFlore County Sheriff's Office. The sheriff's office was unable to locate Young & Cooper in LeFlore County and the sheriff's return so noted. Appellant's next attempt at serving Young & Cooper with his notice of application for tax deed was through publication notice. Appellant executed an affidavit to obtain service by publication wherein it was affirmatively stated by Appellant under oath that the records in the office of the County Clerk of LeFlore County showed Young & Cooper (Partnership) as the owner of the subject property. Appellant's affidavit was filed with LeFlore County Clerk and was subsequently published in the Poteau News and Sun.

Despite Appellant's sworn statement to the contrary, Appellant at the time of the publication had not checked the records in the County Clerk's office of LeFlore County to ascertain the record owner of the subject property. Appellant's information regarding ownership had been obtained solely from information in the County Treasurer's office. It was not until January of 1987 that through an agent Appellant contacted the LeFlore County Clerk's office. Appellant instructed his agent to find an address for Young & Cooper (Partnership) and the address obtained by the agent was: S.E. Foster or Young & Cooper, Circle F Ranch, Tarrant County, Texas. Thereafter in February of 1987, Appellant sent by registered mail a copy of his proof of publication affidavit to obtain service by publication to F.E. Foster or Young & Cooper (Partnership) at the above address. The registered letter was subsequently returned to Appellant marked "Return to Sender", "Not Found at Address". After these attempts to effect notice, Appellant secured title to Appellee's land by a certificate tax deed in February of 1987.

However, unbeknownst to Appellant, the records of the County Clerk of LeFlore County reflected that record title to the subject property was held by Appellee with the address of 2700 First National Tower, Tulsa, Oklahoma 74103. Appellee's ownership was evidenced by a general warranty deed dated April 1, 1981 and recorded October 5, 1981, executed by Don N. Young and Les L. Cooper d/b/a Young & Cooper Cattle Co., and Mary Alta Young, in favor of Appellee. Appellee advised Appellant of Appellee's ownership of the subject property in September of 1987 and gave Appellant the opportunity to lift the cloud on Appellee's title created by his recorded certificate tax deed. Appellant declined to do so and this litigation was initiated.

## I.

■ Appellant first asserts that the trial court erred in setting aside Appellant's certificate tax deed because Appellant faithfully complied with applicable statutes in obtaining said deed. A quiet title action is an action of equitable cognizance and the trial court's judgment will not be disturbed on appeal unless it is clearly against the weight of the evidence. *Caywood v. January,* 455 P.2d 49 (Okl.1969).

■ The evidence reflects that Appellant's notice efforts were not directed toward Appellee, but at Young & Cooper. Appellant's efforts at notifying the owners of the subject land and his ultimate resort to publication notice were based on ownership information obtained solely from the tax rolls of LeFlore County and not from the County Clerk's office of LeFlore County. The evidence further reflects that the identity and address of the true owner of said land, Appellee, on whom Appellant did not attempt to serve notice, was of record in the County Clerk's office of LeFlore County.

Further, 68 O.S.Supp.1985 § 24323 requires that two attempts be made at serving a notice of an application for tax deed on the property owner before resort to publication notice is permitted. If personal service is not obtained, then notice by mail is required, and only if notice by mail cannot be obtained is notice by publication permitted. The record reflects that Appellant resorted to publication notice supported by a false affidavit prior to making an attempt at notice by mail. In addition, Appellant's efforts regarding notice did not comply with the standard set out by the Supreme Court in *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713 (Okl.1968). The *Bomford* case stands for the proposition that due process is violated when the steps taken by a party applying for publication notice are not reasonably calculated to ascertain the whereabouts or address of the party sought. Appellant's sole reliance on the LeFlore County tax rolls instead of the LeFlore County Clerk's office to support his publication notice represented a violation of the due process rights of Appellee for failure to exercise the due diligence required by law.

## II.

■ Appellant next asserts that the trial court erred in permitting one of Appellee's attorneys to testify at trial. The attorney testified to matters of public record which were either stipulated to, i.e., the general warranty deed, or introduced into evidence without objection, i.e., the tax rolls. We hold that the attorney's testimony was permissible under the Code of Professional Responsibility of the American Bar Association as the testimony related solely to uncontested matters. 5 O.S.1981, Ch. 1, App. 3, D.R. 5–101(B)(1).

## III.

■ Lastly, Appellant asserts that the trial court erred in awarding attorney's fees to Appellee. This action was brought under a statute permitting the award of attorney's fees. 12 O.S. Supp.1983 § 1141 provides in pertinent part:

> If a written request for the correction of a title defect has been refused without reasonable cause and an action is brought pursuant to the provisions of this section, the court may award reasonable attorney's fees to the prevailing party.

A written request was made upon Appellant by Appellee to correct the title defect caused by Appellant's certificate tax deed. Appellee was the prevailing party in the action brought below. We hold that Appellant, having improperly obtained his certificate tax deed, had no reasonable basis for refusing to correct the defect that deed imposed on Appellee's title and, therefore, the imposition of attorney's fees by the trial court was correct. Further, the trial

court was furnished ample evidence to support the requested fee. Appellee filed a motion for attorney's fees which was accompanied by a brief and a detailed affidavit setting forth the hours expended and the hourly rate and, therefore, was in accordance with *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979).

AFFIRMED.

HUNTER, P.J., and HANSEN, J., concur.