The HARLOW CORPORATION,
Appellant,

v.

BRYANT EXPLORATION AND PRODUCTION COMPANY, INC., and Willow Pipeline Company, Inc., Appellees.

No. 76157.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 27, 1991.

Paul Stumbaugh, Mangum, for appellant.

Gary Millspaugh, Weatherford, for appellees.

## OPINION

HANSEN, Presiding Judge:

Appellant initiated this action, seeking to have the court declare null and void certain mineral leases Appellees had obtained through assignment from a third party,

Mid–State Exploration, and to enjoin Appellees from interfering with Appellant's rights under its allegedly valid leases.

Both Appellant and Appellee Bryant Exploration had procured mineral leases covering portions of the same property. Willow Pipeline operated the gas gathering system on the property covered by the leases, and Appellant also sought to enjoin Willow's operation of the system, alleging interference with Appellant's lease rights.

Appellee Bryant Exploration answered and counterclaimed, asking the trial court for a declaratory judgment that its leases were valid. Appellee Willow Pipeline answered separately and disclaimed any interest in the leases, but did claim an interest in the gathering system.

The trial court entered judgment for Appellees, quieted title to the mineral leasehold interest in Bryant Exploration, and awarded attorney fees to both Bryant Exploration and Willow Pipeline.

Appellant filed a Motion to Reconsider as to the award of attorney fees only. The trial court denied the motion and appeal is from that order.

As its sole allegation of error, Appellant contends the trial court erred in awarding attorney fees. We agree and reverse.

We first note both Appellees were and are represented by the same attorney. The Application for Attorney Fees was jointly filed and the trial court clearly awarded them jointly.

As a general rule, attorney fees are not recoverable in the absence of statutory authority or an enforceable contract. *Sisney v. Smalley*, 690 P.2d 1048 (Okl.1984).

■ When reviewing a motion to reconsider, which we will here regard as a timely motion for new trial under *Horizons, Inc. v. Keo Leasing Co.*, 681 P.2d 757 (Okl. 1984), we will not disturb the trial court's determination in the absence of abuse of discretion. *Nu–Pro, Inc. v. G.L. Bartlett & Co., Inc.*, 575 P.2d 620 (Okl.1977).

■ In its judgment, the trial court does not cite the authority under which it grants attorney fees. As authority in the Application for Attorney Fees, Appellees cite 12 O.S.Supp.1983 § 1141, and alternatively, 12 O.S.1981 § 928. In their Answer Brief, Appellees state the trial court awarded attorney fees pursuant to § 1141 and base their argument on that section.

We find 12 O.S.1981 § 928 would provide no authority for award of attorney fees to either Appellee because it authorizes only "costs". Ordinarily, reference to costs in a statute will not authorize attorney fees. *Butcher v. McGinn*, 706 P.2d 878 (Okl. 1985). An exception to that rule is not supported here.

■ Section 1141 is the statutory basis for quiet title actions in Oklahoma. It provides, in relevant part:

If a written request for the correction of a title defect has been refused without reasonable cause and an action is brought pursuant to the provisions of this section, the court may award reasonable attorneys fees to the prevailing party.

It is clear Appellee Willow Pipeline Company is not entitled to attorney fees pursuant to this section. Although the trial court did render judgment in Willow's favor, it only quieted title in Bryant Exploration. Authority for attorney fees in § 1141 is limited to quiet title judgments.

■ As to Bryant Exploration, we find it did not satisfy the conditions under which attorney fees could be granted, notwithstanding the favorable quiet title judgment. Even given the most favorable reading, the "written requests" Bryant relies upon to justify attorney fees are not requests for the correction of a title defect, nor can we find the requests were refused without reasonable cause.

The record reflects a legitimate dispute over competing mineral leasehold interests. In providing for attorney fees in quiet title actions, the Legislature contemplated an uncompromising party unnecessarily forcing a resolvable title dispute into litigation. That is not what we find here.

■ Finally, we find no overriding considerations supporting an award of attorney fees in the absence of statutory or

contractual authority. *City National Bank and Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977).

The trial court, having no demonstrable authority, erred in awarding attorney fees, and consequently also erred as a matter of law in not granting Appellant's Motion for Reconsideration.

That portion of the trial court's judgment awarding attorney fees is REVERSED, and the matter is REMANDED for entry of judgment consistent with this opinion.

HUNTER, C.J., and JONES, J., concur.