57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ATLANTIC RICHFIELD COMPANY, a Delaware Corporation; Nicor
Exploration Company, a Delaware Corporation,
Plaintiffs-Appellants,
v.
Prentis B. TOMLINSON, Jr., Trustee; Royalty Partners, a
Texas Limited Partnership; John Brewster,
Trustee; Dorothy June Ashinhurst also
known as Dorothy June Grayson,
Defendants-Appellees.
 No. 94-7091.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before BRORBY and McKAY, Circuit Judges, and OWEN,[2] Senior District Judge.
 McKAY
 The Appellants, Atlantic Richfield and Nicor Exploration, lost a quiet title action brought by them against Mr. Tomlinson. They do not here contest the validity of that decision. They do, however, take issue with the attorney's fees awarded Mr. Tomlinson pursuant to Okla. Stat. tit. 12, 1141. The Appellants also argue that the district court's award of costs was improper given Mr. Tomlinson's failure to file a timely motion seeking such costs.
 Section 1141 authorizes an award of reasonable attorney's fees to the prevailing party in a quiet title action where "a written request for the correction of a title defect has been refused without reasonable cause." We agree with the district court that Mr. Tomlinson's quiet title counterclaim--which rebutted the Appellants' contentions that they had acquired an interest in his estate by adverse possession--falls within the purview of 1141.[3] See Harlow Corp. v. Bryant Exploration and Prod., Inc., 816 P.2d 1154, 1155 (Okla. Ct.App.1991); Circle F Ranch Co. v. Strehlau, 776 P.2d 855, 857-58 (Okla. Ct.App.1989). The district court, however, made no findings as to whether the Appellants unreasonably refused to honor Mr. Tomlinson's requests to correct the title defect. The district court thereby failed to establish a factual predicate necessary to the award of fees. We therefore vacate the award of attorney's fees and remand for a determination of the reasonableness of the Appellants' actions.
 The parties agree that on February 16, 1994, the clerk of court issued an order denying Mr. Tomlinson's request for costs. Review of the clerk's action by the district court is conditioned upon the serving of an appropriate motion within five days. Fed.R.Civ.P. 54(d)(1). Such a motion was not filed by Mr. Tomlinson. The district court nonetheless sua sponte reviewed the clerk's decision and awarded Mr. Tomlinson costs. This order, which flies in the face of the express language of Rule 54(d)(1), was in error. The clerk's determination became final after the running of the five-day period. See Gary v. Spires, 634 F.2d 772, 773 (4th Cir.1980); Fleet Inv. Co. v. Rogers, 87 F.R.D. 537, 540 (W.D. Okla.1978), aff'd, 620 F.2d 792 (10th Cir.1980). We therefore hold that Mr. Tomlinson is not entitled to costs.
 Award of attorney's fees VACATED and REMANDED for further proceedings. Award of costs VACATED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Richard Owen, United States Senior District Judge for the Southern District of New York, sitting by designation
 
 
 [3]
 We also agree with the district court that the request for attorney's fees was not barred by the judgment on the merits, which purported to dismiss "all other claims asserted by the parties." A claim of attorney's fees is both collateral to the substance of the underlying action, see Budinich v. Becton Dickinson & Co., 807 F.2d 155 (10th Cir.1986), aff'd, 486 U.S. 196 (1988), and procedurally derivative of that action. A dismissal of other claims does not therefore preclude a motion for fees arising from the underlying action