**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CORONADO INDUSTRIES, INC.,

      Plaintiff-Appellant-
Cross-Appellee,

v.

SAMSON RESOURCES COMPANY;
SAMSON EXPLORATION
COMPANY; SAMSON PROPERTIES
INCORPORATED; ACE COMPANY
III; CHARLES SCHUSTERMAN;
CHARLES SCHUSTERMAN
ENTERPRISES,

      Defendants-Appellees-
Cross-Appellants.

Nos. 99-7157 & 00-7016
(D.C. No. 98-CV-508-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Coronado Industries, Inc. appeals from the district court 's ruling in favor of defendants after a trial to the court on Coronado's suit to quiet title to certain oil and gas interests in Oklahoma.  We review the district court 's findings of fact for clear error and its legal conclusions de novo. *See State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 564 (10th Cir. 1999).  On cross-appeal, defendants challenge the district court 's ruling denying their request for attorney's fees pursuant to Okla. Stat. tit. 12 § 1141(B).  This court generally reviews a district court 's decision whether to award fees for an abuse of discretion, however, our review of the legal principles underlying that determination is de novo. *See National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000); *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1316 (10th Cir. 2000).  Our jurisdiction over these appeals arises from 28 U.S.C. § 1291; the district court 's jurisdiction was based on diversity, and Oklahoma law applies.

The parties are familiar with the facts underlying the quiet title action. They are set out in detail in the district court 's Order dated November 18, 1999, and we will not repeat them here.  Essentially, Coronado claimed that defendants breached a contract for sale of certain oil and gas interests and committed bad-

-2-

faith trespass. Defendants counterclaimed for reformation or rescission, seeking to quiet title in themselves. On appeal, Coronado does not challenge the district court's factual findings. The majority of its arguments are based on its contention that the district court's legal analysis of the parties' agreement ignores the assignment of the oil and gas interests involved. However, the contract at issue here was not memorialized in a single document and the district court correctly took into account the documents and materials available to Coronado, the parties' testimony about their intent, and the conduct of the parties after the sale of the oil and gas interests in question. Therefore, Coronado's arguments about meeting of the minds, the elements of rescission, defendants' negligence, and statutory mistake lack merit.

Coronado also contends that defendants's counterclaim for rescission is barred by laches. We note that this defense, although listed in the parties' final pretrial order, was never developed by Coronado at trial, and the basis for its argument on appeal--that defendants failed to act promptly to rescind the contract--was not argued before that court. In any event, we also agree with defendants that Coronado has not demonstrated prejudice or disadvantage resulting from defendants' alleged delay, which precludes the defense. *See*

*Aguero v. Aguero*, 976 P.2d 1088, 1094 (Okla. Ct. App. 1999). [1] Accordingly, we affirm the district court 's ruling on Coronado's quiet title action.

Defendants contend that Okla. Stat. tit. 12 § 1141(B) entitles them to attorney's fees as a prevailing party to a quiet title suit. The district court noted that the Oklahoma Court of Appeals has construed this statute "to mean that attorney fees are not recoverable where the dispute is reasonable." Appellees' Supp. App. at 135 (citing *Harlow Corp. v. Bryant Exploration & Prod. Co*, 816 P.2d 1154, 1155 (Okla. Ct. App. 1991)). Concluding that the parties's dispute here was a legitimate one, the district court denied the fee request.

As before the district court , defendants contend that the legitimate dispute requirement is applicable only to prevailing plaintiffs, not prevailing defendants. Further, they contend that the district court 's reliance on *Harlow* is misplaced. We disagree. First, the plain language of the statute does not suggest that a different standard be applied to plaintiffs and defendants. We agree with the district court 's conclusion that defendants' interpretation of the statute is both inconsistent with the statute's plain language and contrary to its purpose.

---

[1] Coronado also presents an argument supporting its bad-faith trespass claim, but that argument is dependent upon a ruling in its favor on the breach of contract claim. Therefore, we need not address it here. Similarly, defendants urge an alternative basis for affirming the district court 's judgment, based on alleged misrepresentations by Coronado before the sale of the oil and gas interests. Because we affirm the district court 's ruling on the contract claim, we need not consider this proposed alternative argument.

Second, the district court did not improperly rely on *Harlow* for its conclusion that, under Oklahoma law, the legitimate dispute requirement would apply to defendants here. When federal courts apply state law in diversity actions, our responsibility is not to formulate state law, but "merely to ascertain and apply it." *Hardy Salt Co. v. Southern Pac. Transp. Co.*, 501 F.2d 1156, 1163 (10th Cir. 1974). In so doing, where the state's supreme court has not spoken, federal courts may consider both the holdings and dicta of the state's intermediate courts. *See Estate of Selby v. United States*, 726 F.2d 643, 646 (10th Cir. 1984); *Hardy*, 501 F.2d at 1163. Defendants have not pointed to contrary authority in Oklahoma or elsewhere. Therefore, we affirm the district court's denial of defendants' request for attorney's fees. [2]

---

[2] The district court also based its ruling on a conclusion that another requirement of the fee statute--that there be a written request seeking correction of the title defect--was not satisfied. Defendants argue that such a request was made. However, we need not address this point because we affirm the district court's interpretation of the statute as requiring an unreasonable dispute between the parties before fees will be awarded, and this alternative ruling is dispositive of the issue.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge