MYERS v. MYERS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MYERS v. MYERS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MYERS v. MYERS
2018 OK CIV APP 46
420 P.3d 1
Case Number: 114846
Decided: 04/24/2017
Mandate Issued: 06/06/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 46, 420 P.3d 1

 

DANNY BOB MYERS, an individual, and WALTER KENT MYERS, an individual, Plaintiffs/Appellees,
v.
LARRY STEVE MYERS, individually and as CO-TRUSTEE of the PATTERSON REVOCABLE LIVING TRUST dated August 29, 2007; and GUY W. JACKSON individually and as TRUSTEE of the PATTERSON REVOCABLE LIVING TRUST dated August 29, 2007, Defendants/Appellants;
CURTIS MARK MYERS, an individual, Plaintiff/Appellee,
v.
LARRY STEVE MYERS, as CO-TRUSTEE of the PATTERSON REVOCABLE LIVING TRUST; and GUY W. JACKSON, TRUSTEE EXECUTOR of the PATTERSON REVOCABLE LIVING TRUST, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE BARBARA J. SWINTON, TRIAL JUDGE

AFFIRMED IN PART AND APPEAL DISMISSED IN PART AS MOOT

Debra W. McCormick, MCCORMICK & BRYAN, PLLC, Edmond, Oklahoma, for Plaintiffs/Appellees Danny Bob Myers, Curtis Mark Myers and Walter Kent Myers

J. John Hager, Jr., ELIAS, BOOKS, BROWN & NELSON, P.C., Oklahoma City, Oklahoma, for Defendant/Appellant Larry Steve Myers

Ken Felker, Edmond, Oklahoma, for Defendant/Appellant Guy Jackson

R. Stephen Haynes, LAW OFFICES OF R. STEPHEN HAYNES, Oklahoma City, Oklahoma, for Defendant Appellant Richard Franklin Myers

KEITH RAPP, JUDGE:

¶1 This is an appeal from an Order of the trial court denying a defendants' Motion to Reconsider the Order of the trial court that denied defendants' Motion to Disqualify the plaintiffs' attorney for conflict of interest. The plaintiffs' attorney has moved to dismiss the appeal as moot. The Supreme Court of Oklahoma deferred the decision on dismissal to this Court.

BACKGROUND

¶2 This matter began as two cases. The trial court subsequently consolidated the cases at the defendants' request. The plaintiffs in both cases are represented by the same law firm.

¶3 The cases involve charges by one brother in the first case and by two other brothers in the second case against a fourth brother, Larry Steve Myers (Steve), as co-trustee, and the other co-trustee, Guy W. Jackson (Jackson), of a revocable trust. The trust was created, and thereafter restated by the brothers' Mother, Joanie Patterson (Mother).[1]

¶4 Curtis Mark Myers (Mark) filed the first case.[2] He charged Steve and Jackson with fraudulent transfer of trust property and exercise of undue influence.[3] He sought damages, an accounting and imposition of a constructive trust over Mother's trust's assets.

¶5 Danny Bob Myers (Bob) and Walter Kent Myers (Kent) filed the second case and twice amended their petition.[4] They charged Steve and Jackson with breach of fiduciary duty, negligence and conversion. They requested an accounting, surcharge and removal of Jackson as co-trustee. In their Second Amended Petition they named the fifth brother, Richard Franklin Myer (Richard), because he is a named beneficiary of Mother's Trust and thus a necessary party.

¶6 All defendants have answered and Jackson filed a counterclaim against Kent in the second case. Jackson alleged that Kent occupied a trust property without paying rent and has been unjustly enriched.

¶7 After the trial court consolidated the cases, the defendants moved to disqualify plaintiffs' counsel. The premises for the motion are:[5]

- Mark, in his lawsuit, and Bob and Kent in their lawsuit, are seeking inconsistent reliefs which are adverse to each other. According to the disqualification motion, Mark seeks to declare the restated Trust null and void whereas Bob and Kent seek to enforce the Trust.

- Plaintiffs' counsel is defending the counterclaim against Kent. This counterclaim seeks to recover for the benefit of the Trust, and thus its beneficiaries. Therefore, representation of Kent is adverse to the interests of the other brother beneficiary.

¶8 In response, plaintiffs denied any conflict and produced two signed and one unsigned email by each plaintiff stating that they were informed by counsel of "a possible conflict of interest" and wished to retain counsel notwithstanding any conflict.[6] Plaintiffs further argued that if a conflict existed, it was created by defendants when they succeeded in having the two cases consolidated.

¶9 The trial court denied the disqualification motion without a hearing. Defendants moved to reconsider. The trial court held a hearing where the parties submitted the waivers, legal authority and arguments. The trial court reaffirmed its denial of the Motion to Disqualify and this appeal followed.

¶10 Plaintiffs' counsel has moved to dismiss the appeal as moot. The basis for this motion is that the first lawsuit, the case filed by Mark, has been dismissed due to Mark's ill health.

¶11 Jackson and Steve (now appellants) then argue that an attorney cannot defeat disqualification for conflict of interest by dropping one client. They cited Flatt v. Superior Court, 885 P.2d 950, 957-58 (Cal. 1994), and other cases, for the "hot potato" rule that bars an attorney from correcting a ground for disqualification by severing the relationship with another client.

¶12 Jackson and Steve further argue that counsel also has a conflict because of the representation of Kent on the Jackson counterclaim. According to the argument, defending the Jackson counterclaim against Kent is adverse to the interest of Bob because Bob, as a beneficiary, has an interest in recovering from Kent. Jackson and Steve maintain that the appeal should proceed and address the issues of the adequacy of the waivers, the need for an evidentiary hearing, and whether there is a requirement for the trial court to enter findings of fact and conclusion of law on the disqualification issue.

STANDARD OF REVIEW

¶13 The appellate court determines whether an appeal is moot. In re Guardianship of Doornbos, 2006 OK 94, ¶ 2, 151 P.3d 126.

¶14 This appeal arises from an Order denying a motion to reconsider the trial court's Order denying a motion to disqualify. When reviewing a motion to reconsider, which is equivalent to a motion for new trial, this Court will not disturb the trial court's determination in the absence of abuse of discretion. Nu-Pro, Inc. v. G. L. Bartlett & Co., Inc., 1977 OK 226, ¶ 5, 575 P.2d 620, 622; Harlow Corp. v. Bryant Exploration and Production Co., Inc., 1991 OK CIV APP 80, ¶ 9, 816 P.2d 1154, 1155. To reverse a trial court on the ground of an abuse of discretion, it must be found that the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. Here, this determination requires examination of the underlying ruling on the motion to disqualify.

¶15 The Oklahoma Rules of Professional Conduct provide:

a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client;
or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

Rule 1.7, 5 O.S.2011, Ch. 1 App. 3-A.

¶16 With regard to an Order on a motion to disqualify an attorney, the standard of review is:

"When reviewing the order, we review the trial court's findings of fact for clear error and carefully examine de novo the trial court's application of ethical standards.

Arkansas Valley State Bank v. Phillips, 2007 OK 78, ¶ 8, 171 P.3d 899, 903 (footnote citations omitted).

ANALYSIS AND REVIEW

A. Mootness

¶17 This Court holds that the question of whether there is a conflict of interest associated with representation of Mark is now moot. The circumstances here are distinguishable from the case where an attorney "drops" one client and keeps another and all continue in the litigation. Moreover, there is no allegation that plaintiffs' counsel's representation involves prior representation of an adverse party. Mark is no longer a litigant because of the independent reason of ill health. Therefore, this Court will not consider the question of whether a conflict existed arising from representation of Mark.

B. Separate Ground Argument

¶18 Next, Jackson and Steve maintain that their separate ground for disqualification requires consideration of the appeal and the issues regarding evidentiary hearing and fact findings by the trial court, including the sufficiency and validity of the consents. The appeal is not moot regarding this claim for disqualification.

1. Evidentiary Hearing

¶19 "Historically under Oklahoma law, before the trial court can determine that an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing and make a specific factual finding in its order of disqualification that the attorney had knowledge of material and confidential information." Miami Business Services, LLC v. Davis, 2013 OK 20, ¶ 10, 299 P.3d 477, 483. Clearly, the failure to conduct an evidentiary hearing when one is required is reversible error. Miami Business Services, LLC, 2013 OK 20 ¶ 10, 299 P.3d at 483; Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. Dist. Ct. App. 1991).

¶20 The Miami Business Services, LLC Court continued:

While disqualification of counsel is a drastic measure, it is used when necessary to preserve the integrity of the judicial process. The standard for disqualifying counsel is whether real harm to the integrity of the judicial process is likely to result if counsel is not disqualified. This is a high standard to meet and the burden rests with the moving party to establish the likelihood of such harm by a preponderance of the evidence. If disqualification is to be based on an alleged conflict of interest or improper possession of confidential information, then we have required the trial court to hold an evidentiary hearing and make specific findings that the attorney whose disqualification is sought had knowledge of material and confidential information.

Miami Business Services, LLC, 2013 OK 20 ¶ 12, 299 P.3d at 484 (emphasis added) (footnote citations omitted).

¶21 At the outset, this Court observes that the cases such as Miami Business Services, LLC involve claims of conflict because the attorney allegedly had knowledge of material and confidential information derived from a former representation.[7] Second, the requirement for findings and conclusions is associated with a disqualification order based upon such knowledge and possession.

¶22 Neither situation is present here. Plaintiffs' counsel is alleged to have a conflict because of conflicting economic interests and the trial court did not disqualify counsel. The alleged conflict is based upon representation of Kent in opposition to the Jackson counterclaim. Of course, there is no disqualification order.

¶23 Jackson and Steve have not drawn any distinction between types of disqualification grounds. They simply assert that an evidentiary hearing followed by findings and conclusions is required. The precise rulings of the Oklahoma Supreme Court do not support their argument.

¶24 An evidentiary hearing is an adjudicative process leading to the establishment of the existence or non-existence of a fact or facts. Sperdute, 585 So. 2d at 1169 ("[P]urpose of an evidentiary hearing is to allow a party to 'have a fair opportunity to contest' the factual issues.") The process involves evidence, documentary and witnesses, and legal arguments. The evidentiary hearing is not a trial on the merits to resolve the parties' dispute, but is an adjunct to the trial proceedings. For example, like here, it might pertain to a preliminary, separate matter, or it might pertain to post-trial matters, such as in criminal proceedings.

¶25 Here, the trial court did not hold a hearing before making its initial decision.[8] However, the trial court held a hearing on the Motion to Reconsider and reopened consideration of the Motion to Disqualify. The trial court began the hearing by stating:

The Court: All right. So we're back again on the Motion to Disqualify Ms. McCormick.[9]

Jackson and Steve characterized that hearing as an evidentiary hearing.[10] Examination of the transcript of that hearing confirms that characterization.

¶26 Jackson and Steve are the moving parties with the burden of proof. Here, they have not defined "evidentiary hearing" nor have they shown what more could have been considered in the hearing on the Motion to Reconsider. The trial court received the consent documents, heard arguments, and examined the parties' written submittals and the pleadings. Jackson and Steve did not subpoena witnesses or take depositions on the issue or tender an offer of proof.

¶27 Their presentation at the hearing was essentially a legal argument premised upon the evidentiary facts before the trial court. There was no dispute about the Kent representation, or that a counterclaim was pending against him. Jackson and Steve maintained that the consent forms from Bob and Kent were insufficient as a matter of law, so delving further into their authenticity would not be necessary to their argument.[11] They also asserted that the language of the consents did not clearly encompass the Kent representation, but they did not offer evidence from the consenting brothers. The trial court clearly interpreted the consents as broad based, written consents covering the Kent representation.

¶28 Therefore, this Court concludes that the hearing on the Motion to Reconsider functioned as an evidentiary hearing on the Motion to Disqualify.

2. Findings and Conclusions

¶29 The trial court did not enter written findings or conclusions. The precise holdings of the Supreme Court in the Miami Business Services, LLC line of cases do not require them in this instance because those cases involved disqualification based on conflicts of interest resulting in the alleged possession of confidential information; an issue not present in this appeal.[12] Nevertheless, Jackson and Steve maintain that the trial court erred by failing to conduct an evidentiary hearing and enter fact findings and conclusions of law.

¶30 Although the trial court did not enter formal findings and conclusions, the trial court did announce on the Record the reason for the decision. The trial court referenced the Professional Rules of Conduct and, without specific citation, Rule 1.7, 5 O.S.2011, Ch. 1 App. 3-A(b)(4).[13]

¶31 The required findings and conclusions provide a Record for a meaningful appellate review. Thus, the facts relied upon by the trial court must appear in a Record.

¶32 Here, the facts relied upon by the trial court and the trial court's ruling applying the facts do appear of Record. The Oklahoma Supreme Court's view of statutory requirement for findings and conclusions to be in writing provides an analogy. There is substantial compliance with the statute when the trial court "dictates into the record, in such intelligible manner or form as to render them distinguishable, the material facts, as he views them, and what his conclusions of law are." Etchen v. Texas Co., 1921 OK 187, ¶ 10, 199 P. 212, 215-16; see Kilgore v. Stephens, 1932 OK 637, 14 P.2d 690.[14]

¶33 Therefore, in this instance, and assuming arguendo that findings and conclusions are required, this Court concludes that the Record statement by the trial court is substantially in compliance with a requirement for findings and conclusions in this attorney disqualification proceeding. The Record here suffices for a meaningful review. However, this conclusion applies only to the facts here.

3. The Merits of the Ruling

¶34 Jackson and Steve must satisfy the standard of whether real harm to the integrity of the judicial process is likely to result if counsel is not disqualified. Moreover, as stated in Arkansas Valley State Bank v. Phillips, 2007 OK 78, ¶ 12, 171 P.3d 899, 904-05 (footnote citations omitted):

The right to select counsel without state interference is implied from the nature of the attorney-client relationship in our adversarial system of justice, where an attorney acts as the personal agent of the client and not the state. It is also grounded in the due process right of an individual to make decisions affecting litigation placing his or her property at risk. An individual's decision to employ a particular attorney can have profound effects on the ultimate outcome of litigation. Legal practitioners are not interchangeable commodities. Personal qualities and professional abilities differ from one attorney to another, making the choice of a legal practitioner critical both in terms of the quality of the attorney-client relationship and the type and skillfulness of the professional services to be rendered.

¶35 The assertion of a conflict necessarily assumes that Bob agrees with the premise of the counterclaim, i.e. his co-plaintiff, brother Kent's liability to the Trust. Clearly, if Bob does not believe, or agree, that his brother is liable to the Trust, then his interest is not with the prosecution of the counterclaim. Jackson and Steve have not shown that Kent agrees with their claim of his brother's liability. Absent such showing, their claim of conflict does not override the rights of Bob and Kent to select their own attorney.

¶36 Therefore, the denial of the Motion to Disqualify and the subsequent Motion to Reconsider are affirmed in part and the appeal is dismissed, in part, as moot.

CONCLUSION AND SUMMARY

¶37 This Court holds that the question of whether there is a conflict of interest associated with representation of Mark is now moot. Mark is no longer a litigant because of the independent reason of ill health. Therefore, this Court will not consider the question of whether a conflict existed arising from representation of Mark.

¶38 The second claim of conflict of interest is based upon a claim that counsel's other plaintiffs have competing economic interests. Cases requiring findings of fact, conclusions of law and evidentiary hearings all involve conflicts where the claim is that counsel is in improper possession of confidential information and the attorney is disqualified. This is not the case here.

¶39 Nevertheless, the trial court did reopen the Motion to Disqualify at the Motion to Reconsider hearing. Movants characterized this hearing as an evidentiary hearing. Examination of the Record of the hearing confirms that characterization. At the close of the hearing, the trial court announced its conclusion of law based upon the stated fact of written consents. Under the circumstances here, the Record is reviewable and presents substantial compliance with any requirement for findings and conclusions.

¶40 Therefore, the judgment of the trial court is affirmed in part and this appeal is dismissed in part as moot.

¶41 AFFIRMED IN PART AND APPEAL DISMISSED IN PART AS MOOT.

FISCHER, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] A fifth brother, Richard Franklin Myers, does not appear to be involved in the litigation filed by Mark.

[2] Case Number CJ 2015-120.

[3] In her restated trust, Mother disinherited Mark. Mark alleged that Steve and Jackson exercised undue influence to accomplish the disinheritance.

[4] Case Number CJ 2015-189.

[5] The motion is not in the appellate Record. The bases for the motion is derived from the responses to the motion, appellate briefs, and the Record on the Motion to Reconsider.

[6] Record, pp. 80-82.

[7] For example, see Piette v. Bradley & Leseberg, 1996 OK 124, ¶ 2, 930 P.2d 183, 184.

[8] This Court notes that the Motion to Disqualify did not ask for an evidentiary hearing. Record, p. 370. The trial court overruled the motion by minute order and stated in the order that "there was no need to conduct the (scheduled) hearing."

[9] Tr., p. 3. Also, the trial court's ruling was to deny the Motion to Disqualify. Tr., p. 8.

[10] Motion to Disqualify Hearing, Tr., p. 7. See also, Appellants' Brief, p. 2:

On Appellants' Joint Motion for Reconsideration, Trial Court set the matter for hearing, considered arguments of counsel and the parties' written submissions, including purported client consents to McCormick's multiple representation, and refused disqualification, again, without making any findings of fact or conclusions of law.

[11] The consents are found in Volume I of the Record at pages 146-48.

[12] Jackson and Steve did not pursue the statutory request for findings and conclusions. 12 O.S.2011, § 611.

[13] Tr., p. 8. The trial court ruled:

The Court: Okay. Well, the last one says that if it's in writing it's allowable. So I'll overrule the Motion to Disqualify.

The Rule provides, in part:

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

Part (b)(1)-(3) are not in question here.

[14] "12 O.S.1941 § 611, requires only that the material and controlling facts and conclusions as found by the trial court shall be so separated as to render them distinguishable, thereby enabling a party to except to any particular finding or conclusion which in his opinion may prejudice his rights, and to point out and assign same as error in case of appeal." Renegar v. Fleming, 1949 OK 209, Syl, 4, 211 P.2d 272, Syl. 4.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1991 OK CIV APP 80, 816 P.2d 1154, 62 OBJ 3047, Harlow Corp. v. Bryant Exploration and Production Co., Inc.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1932 OK 637, 14 P.2d 690, 159 Okla. 119, KILGORE et al. v. STEPHENS et al.
Discussed
 1921 OK 187, 199 P. 212, 82 Okla. 62, ETCHEN v. TEXAS CO.
Discussed
 2006 OK 94, 151 P.3d 126, IN THE MATTER OF THE GUARDIANSHIP OF DOORNBOS
Discussed
 2007 OK 78, 171 P.3d 899, ARKANSAS VALLEY STATE BANK v. PHILLIPS
Discussed at Length
 1996 OK 124, 930 P.2d 183, 67 OBJ 3566, Piette v. Bradley & Leseberg
Discussed
 2013 OK 20, 299 P.3d 477, MIAMI BUSINESS SERVICES, LLC v. DAVIS
Discussed at Length
 1977 OK 226, 575 P.2d 620, NU-PRO, INC. v. G.L. BARTLETT & CO., INC.
Discussed
 1949 OK 209, 211 P.2d 272, 202 Okla. 197, RENEGAR v. FLEMING
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 611, Statement of Findings and Conclusions of Law
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA